**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

DR. LANA FOSTER,

      Plaintiff,

v.

ECHOLS COUNTY SCHOOL
DISTRICT, et al.

      Defendant.

Civil Action No. 7:23-CV-00089-WLS

## DEFENDANTS' RELY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

The Amended Complaint is Foster's third complaint regarding an alleged breach of the three-way conciliation agreement (the "Agreement") entered into by Echols County Board of Education (ECBE),[1] Foster, and the Equal Employment Opportunity Commission. This Court should dismiss with entirely Foster's complaint against all defendants. Count II - breach of contract under Title VII; Count III - breach of contract under Georgia law; Count IV - Breach of implied covenant of good faith and fair dealing; Count V - Breach of third party beneficiary agreement (the "Breach of Contract Claims") should be dismissed because (1) Foster does not have standing to hold ECSD or ECBE liable for provisions of the conciliation agreement that, even if breached, would cause her no harm and were not intended to benefit her; and (2) a failure to develop a hiring and recruitment plan could not possibly damage Foster since she agreed to never seek employment with ECSD again. Similarly, Foster's claims for Count I - denial of rights under § 1981 and Count VI retaliation under § 1981 (the "1981 Claims") should be dismissed because she has not shown an impairment to *her own* rights flowing from alleged breach so she lacks standing to bring these

---

[1] Defendants' initial motion to dismiss erroneously stated that Echols County School District ("the School District") was a party to the Agreement, however, the actual party was ECBE. [*See* Doc. 22-1 p. 5]. This does not change the analysis because the claims against ECSD and ECBE should be dismissed for the exact same reasons and ECSD or ECBE did not assert that any claims should be dismissed based on the fact that it was not a party to the Agreement. For consistency with the brief in support of motion to dismiss, Defendants will continue to refer to Echols County School District and ECBE collectively as ("ECSD").

1

claims. Finally, the individual defendants should be dismissed because the claims against them are barred by qualified immunity.

**ARGUMENT AND CITATION OF AUTHORITY**

I.    **Foster's Breach of Contract Claims in Counts II-V should be dismissed[2]**

    A.    <u>Foster does not have standing to sue under Section II of the Agreement and has not sufficiently alleged a breach of any other section</u>

Foster does not have standing to sue to enforce the obligations between ECSD and the EEOC under Section III of the Agreement. The plain language of the Agreement shows that the obligations between ECSD and Foster are solely contained in Section II. Section II is titled "Charging Party's Relief" and states, "In exchange for the promises of Charging Party contained in the General Provisions of the of this Agreement, the Respondent agrees…" and then lists ECSD's obligations to Foster, including a $137,5000.00 payment paid in full within 30 days and providing a neutral reference to future or prospective employers. [Doc. 22-1, pp. 1-2]. The express language of the Agreement shows that Foster's relief is limited to Section II and that Section II(a)-(f) outlines the only obligations between ECSD and Foster. Section III <u>contains no such language</u> that any obligations between the EEOC and ECSD are "in exchange for the promises of Charging Party." [*Id.*]. Foster cites *Greenwald v. Kersh* for the proposition that a party's "secret intent is immaterial" to the parties' agreement and erroneously alleges that ECSD is asserting some sort of "secret intent." [Doc 31, p. 14]. In reality, it's clear from the case law that <u>Foster's secret intent</u> that she would not have accepted the $137,500.00 if ECSD had not agreed to obligations to the EEOC is immaterial. To determine the "objective manifestation of intent" of the parties, Georgia

---

[2] Foster asserts that the School District is a proper party to the lawsuit even though it's not a party to the conciliation agreement and argues that Georgia waived sovereign immunity for contract actions. [Doc. 31, p. 7]. She then asserts that the breach of contract claims should not be dismissed based on these arguments. [*Id.*]. However, the basis for the School District's Motion to Dismiss the breach of contract claims is not based on sovereign immunity or an assertion that the School District is an improper party. Therefore, these arguments do not form a basis to deny the motion.

courts look to the express language of the agreement. *Greenwald v. Kersh*, 275 Ga. App. 724, 727 (2005). ECSD and Foster's "objective manifestation of intent" that the obligations from ECSD to Foster was limited to Section II titled "Charging Parties Relief" are clear from the title and the express language under Section II explicitly stating that in exchange for the promises of Foster, ECSD agreed to the items outlined in Section II. [Doc. 22-1, pp. 1-2].[3] Any other interpretation is imputing intention that does not exist.

Foster's injury-in-fact analysis similarly misses the mark and her argument regarding presumption of injury at the pleadings stage misstates the law. First, Foster notes that to establish injury-in-fact a plaintiff must show that she has suffered an invasion of a legally protected interest that is concrete and particularized. [Doc 31, p. 14](*citing Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016). She further asserts that "For an injury to be 'particularized,' it must affect the plaintiff ***in a personal and individual way***." [*Id.*](emphasis added). Second, she erroneously asserts that a "breach of the contract to which Dr. Foster was a party assumes that she has suffered an injury.' [Doc. 15, p. 15]. This is a misstatement of the law. The Supreme Court in *Lujan* held that "at the pleading stage, general factual allegations of injury resulting from the defendants' conduct may suffice..." 112 S.Ct. 2130, 2137 (1992). Again, it is undisputed that Foster cannot be harmed by any alleged breach of ECSD's obligations to development a recruitment and hiring policy when Foster signed an Agreement stating she would never seek reemployment. Therefore, she cannot

---

[3] Foster's reliance on *Resnick v. Uccello Immobillen GMBH. Inc.* is misplaced. *Resnick* involves a settlement agreement between the plaintiff and the defendant, not a conciliation agreement with the EEOC. 227 F.3d 1347, 1349 (11th Cir. 2000). Further, in *Resnick* the defendant agreed to bring its building, which was actively used by the plaintiff, up to compliance with the ADA. *Id*. Foster fails to assert how the reasoning in *Resnick* is at all relevant to the case at bar to show she is somehow the real party in interest to Section III of the Agreement when it is undisputed that she no longer worked for ECSD and agreed to never seek future employment. [Doc. 27-2, p. 2]. Therefore, it is impossible for obligations to the EEOC regarding recruitment and hiring at ECSD to have *any effect* on her.

show an injury that has affected her in a personal and individual way. Further, *Lujan* is inapplicable because Foster is not relying on general allegations of harm that could later be proved, instead the factual allegations of the amended complaint specifically foreclose any possibility that she could show she suffered an injury based on an alleged breach of the Agreement.

Foster does not even attempt to distinguish *Guvenal v. 7-Eleven* cited by ECSD. While this case is from another jurisdiction and not binding, it is directly on point and persuasive. In *Guvenal*, the plaintiff was a party to a settlement agreement as an individual, his corporation was also a party, and 7-Eleven was a party. *Guvenal v. 7-Eleven, Inc.*, No. CV 19-391, 2019 WL 6497013, at *5 (W.D. Pa. Dec. 3, 2019). The court held that even though the plaintiff was a party to the settlement agreement, the obligations that are alleged to be in dispute are duties owed to his corporation, not obligations owed to himself. *Id*. Here, while Foster is a party to the Agreement, the language of the Agreement show that obligations to Foster were limited to Section II and the obligations in dispute to develop a hiring and recruitment plan are not duties owed to her.

In an attempt to circumvent the clear deficiency in her breach of contract claim that she does not have standing to sue for alleged breached of Section II between the EEOC and ECSD, Foster asserts that a breach of Section III also somehow constitutes a breach of Section II(b) regarding not retaliating against Dr. Foster "with respect to this charge in any future employment related matters…" [Doc. 22 ¶¶ 124, 128]. Foster fails to allege how ECSD has breached this provision when she has not been employed with ECSD since the signing of the Agreement and Foster has not applied for any positions since she agreed not to seek employment with ECSD again. Foster asserts without any basis that the phrase "in any future employment related matter" cannot be construed with the constraints of the traditional Title VII context [Doc. 31, p. 11], and yet *she brought her breach of contract claim under Title VII and the Agreement is a conciliation agreement under Title VII*. Foster has not explained how else this phrase could be construed. It is

undisputed that ECSD has not taken any action against Foster with respect to a future employment related matter and certainly has not taken any adverse action. Because Foster has not shown any breach of obligations owed to her, the Breach of Contract Claims fail on this basis alone.

B.      <u>Foster has not shown she has suffered any damages under the contract</u>

Damages for emotional distress are not available for breach of contract under Georgia law. *Szomjassy v. OHM Corp.*, 132 F. Supp. 2d 1041 (N.D. Ga. 2001); *De Souza v. JP Morgan & Chase Co.*, 2014 WL 1338762, at *4 (N.D. Ga. Apr. 2, 2014)("[C]laims for mental pain and suffering are not pecuniary damages, they cannot be recovered pursuant to a contract claim.") Foster alleges that she has suffered emotional distress damages as a direct result of ECSD's alleged breach of contract. [Doc. 31, p. 24]. These damages simply are not available for a breach of contract.[4]

Foster also alleges that she is entitled to general monetary damages but fails to acknowledge that the factual allegations in the amended complaint foreclose any possibility that she would be entitled to monetary damages. (Doc. 31, p. 24). Foster cites *Mastriola* for the proposition that "[w]here a contract—like a settlement agreement—is breached, the law presumes that a damages remedy will be available." (Doc. 31, p. 24). The only monetary provision is Section II(a) in which ECSD agreed to pay Foster $137,500.00. (Doc. 22-1, p. 2). Foster does not allege a breach of this provision. And Foster simply cannot show monetary damages based on any other alleged breach of the Agreement. Any alleged failure to develop a hiring policy and recruitment plan cannot possibly damage her monetarily since she agreed to never seek employment with ECSD. (Doc. 27-2, p. 2).

Foster's own amended complaint rebuts any presumption that monetary damages will be available. Foster also mischaracterizes the holding in *Resnick*. (Doc. 31, p. 24). The Court did not

---

[4] Foster's argument that antidiscrimination law seeks "the vindication of human dignity and not mere economics" is irrelevant to her breach of contract and breach of implied duty of good faith and fair dealing claims. ECSD moves to dismiss the §1981 Claims on other grounds unrelated to damages.

-5-

hold that the plaintiff was entitled to compensatory monetary damages and, in fact, the Eleventh Circuit vacated the award of liquidated damages. *Resnick,* 227 F.3d at 1352. The only damages recovered by the plaintiff in *Resnick* was attorneys' fees and costs because the contract provided that the prevailing party could recover such damages. *Id*. Here, the Agreement does not provide for attorneys' fees or costs for a prevailing party. Under Georgia law, the essential elements of a breach of contract claim are "(1) breach and (2) the resultant damages (3) to the party who has the right to complain about the contract being broken*." Adams v. Countrywide Home Loans Inc.,* No. 1:11-CV-04263-RWS, 2013 WL 1963759, at *3 (N.D. Ga. May 9, 2013). Because the Amended Complaint shows that Foster does not have any damages resulting from any alleged breach, Foster's Breach of Contract Claims should be dismissed based on this ground alone.

C. Foster has not adequately plead a breach since the hiring policy and recruitment plan was developed

Foster has not sufficiently alleged any breach of the Agreement. It is undisputed that at least as of January 2022, the School District had published the hiring procedure and recruitment plan pursuant to Section III of the Agreement. (Doc. 22 ¶ 168). Foster complains that specific language regarding a retention policy was not included in the language of the policy. (Doc. 31, p. 8). Nothing in the Agreement requires ECSD to include *specific or quoted language* in the publicly available hiring policy. Plaintiff concedes that the hiring procedure exists and the fact that the policy does not contain certain desired language does not constitute breach.

Foster's complaints regarding the recruitment plan are based on the same misplaced assumption that the Agreement required specific language in the recruitment plan. She acknowledges that the recruitment plan includes language about the sites identified as the best sources of minority applicants but complains that the policy does not specifically state that these sites are the "highest priority for recruitment." This quibbling about specific words that Foster

-6-

wants included in the plan cannot form new requirements or the basis of breach of contract claims when ECSD created a recruitment plan as required by the Agreement with EEOC. Further, Foster erroneously asserts that there was a requirement to implement a recruitment plan "effective immediately." However, the Agreement does not contain the language "effective immediately" regarding the recruitment plan. It is undisputed that the recruitment plan complies with the Agreement, including identifying sites as highest priority for recruitment.(*See* Doc. 22-1, Section III(2); and (Doc. 27-3, p. 3).

       D.      <u>Foster's claim for Implied Covenant of Good Faith and Fair Dealing also fails</u>

Because Foster has failed to allege a breach of any contract provision (much less a provision concerning obligations between Foster and ECSD), her claim for implied covenant of good faith and fair dealing should also be dismissed. To survive a motion to dismiss, a plaintiff "must set forth facts showing a breach of an actual term of an agreement" to state a claim for breach of the implied duty of good faith and fair dealing. *Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1243 (11th Cir. 2019). Without a breach of contract provision, this claim also fails.

       E.      <u>Foster has failed to show she was a third party beneficiary of Section III of the Agreement</u>

Foster is not a third party beneficiary of the sections of the Agreement between EEOC and ECSD related to the development and implementation of a hiring and recruitment plan. Under OCGA § 9–2–20(b), a third-party beneficiary may sue to enforce a contract; however, the third-party beneficiary must be the intended beneficiary of the contract. *Hubbard v. Dep't of Transp.*, 256 Ga. App. 342, 352, 568 S.E.2d 559, 568 (2002). It is undisputed that Foster agreed to never seek employment with ECSD again so it could never have been the intention that a hiring policy and recruitment plan would provide her any benefit. (Doc. 27-2, p. 2).

PPAB 10544450v1

## II.     Foster's 1981 Claims fail as a matter of law

### A.     Foster lacks standing to bring § 1981 claims

Foster also lacks standing to bring the § 1981 Claims in Count I and Count VI. To establish standing under "section 1981[,] plaintiffs *must identify injuries flowing from a racially motivated breach [or impairment] of their own contractual relationship*, not of someone else's." *Moore v. Grady Mem'l Hosp. Corp.*, 834 F.3d 1168, 1175 (11th Cir. 2016)(citing *McDonald*, 546 U.S. at 480). The Restatement (Second) of Contracts explains basic black letter law that "[a] promise in a contract creates a duty in the promisor to any intended beneficiary to perform the promise, and the intended beneficiary may enforce the duty." 2 Restatement (Second) of Contracts § 304, p. 448 (1979). It is undisputed that Section II is the section of the Agreement that outlines Foster's relief and the only obligations to Foster are contained in this section. (Doc. 22-1). It is also undisputed that it would be impossible for Foster to benefit from Section III of the Agreement regarding development of a hiring policy and recruitment plan because she contractually agreed to never seek employment with ECSD again. (Doc. 27-2, p. 2). Further, Foster's obvious attempt to sidestep this deficiency (which frankly dooms all of her claims) by alleging that an alleged breach of Section III of the Agreement between the EEOC and ECSD is somehow a breach of the Section II provision "not to retaliate against [Foster] with respect to this charge in any future employment related matters" is equally unsuccessful. Foster has failed to allege any facts that would support a claim that failing to implement a hiring and recruitment policy is somehow retaliation against her. On this basis alone, Foster's claims for Count I and Count VI should be dismissed.

### B.     Foster's 1981 claim for Denial of Rights (Count I) fails because her allegations that her race was a but-for cause of the alleged denial of rights are unsupported

Foster has not alleged sufficient facts to support the claim that her race was a but-for cause of an alleged breach of the Agreement. Instead, Foster points to general allegations of racism in

the Echols County community (not in the School District) without any factual support and facts such as ECSD's alleged failure to comply with the US Supreme Court's order to desegregate **in the 1950s**. [Doc. 22 ¶¶ 49-52, 88]. Surely, Foster cannot be alleging that anyone who was involved with ECSD decisions in the 1950s and 60s had anything to do with the development of a hiring policy and recruitment plan over sixty years later. Disregarding all of the general allegations of racism in the county or allegations of racism in the school district several decades ago, the only facts relied upon in her opposition to the motion to dismiss are (1) that she was terminated; (2) one member of the Board of education who allegedly participated in the decision to terminate Foster was involved in a text message conversation in which racial expletives were used; and (3) since the signing of the Agreement ECSD has not hired a Black teacher.  Foster simply has not provided sufficient factual support to allow for an inference that an alleged failure to develop a recruitment and hiring policy **was because of Dr. Foster's race**.

### III.     Qualified immunity bars the claims in Counts I and VI as to the individuals

Foster's own allegations show that the individual defendants were acting in the scope of their discretionary authority, therefore, the individual defendants should be dismissed from this action.[5] Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Andujar v. Rodriguez*, 486 F.3d 1199, 1202 (11th Cir. 2007). To establish they were acting in the scope of their discretionary authority, the individuals must show that they were (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within their power to utilize. *Holloman ex rel Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004).

---

[5] Foster also asserts an argument regarding official immunity, but this argument is irrelevant because the individual defendants did not assert protection from official immunity in their motion to dismiss.

Importantly, the Court looks to "the general nature of the [individual defendant's] action[s], temporarily putting aside the fact that [the actions] may have been committed for an unconstitutional purpose… or under constitutionally inappropriate circumstances." *Holloman*, 370 F.3d at 1266. To meet the first prong a defendant "must have been performing a function that, but for the alleged constitutional infirmity, would have fallen with[in] his legitimate job description." *Id*. If met, then the Court determines whether that defendant executed his or her "job-related function - that is, pursuing [their] job-related goals - in an authorized manner." *Id*.

Foster's **own allegations** show that the individual defendants were performing a legitimate job-related function in an authorized manner. Foster alleges that the individual defendants were charged with the authority to develop and implement the policies and procedures of ECSD, including developing and implementing the hiring policy and recruitment plan outlined in the Agreement. [Doc. 22 ¶¶ 15, 19, 26, 30, 34]. It is undeniable that the hiring policy and recruitment plan was developed. [*Id* ¶ 168]. Foster simply alleges that it was not established in a timely fashion and complains that certain specific language is not included. [Doc. 31, pp. 9-10]. By Foster's own admission, developing and implementing policy is a legitimate job-related function of the individual defendants and developing and implementing the policy by publishing it on the school board website as directed by the Agreement is an authorized manner of carrying out that function. Foster has failed to overcome the individual defendants' qualified immunity and the individual defendants should be dismissed from the amended complaint based on this ground alone.

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that this Court **GRANT** their motion and **DISMISS all claims** in this action **WITH PREJUDICE.**

Respectfully submitted this 19th day of February, 2023.

-10-

-11-

/s/ Brian D. Stoltz
Beth Morris
Georgia Bar No. 153013
Brian D. Stoltz
Georgia Bar No. 648725
**PARKER POE ADAMS & BERNSTEIN LLP**
1075 Peachtree Street, N.E., Suite 1500
Atlanta, GA 30309
(678) 690-5750
*Attorneys for Defendant*

PPAB 10544450v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February, 2024, I electronically filed **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**, with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record:

Julie Oinonen
Williams Oinonen LLC
44 Broad Street NW, Suite 200
Atlanta, GA 30303
julie@goodgeorgialawyer.com
mdobbs@goodgeorgialawyer.com

S. Wesley Woolf
408 East Bay Street
Savannah, GA 31401
woolf@lawfirm.com
assistant@woolflawfirm.net

*/s/ Brian D. Stoltz*
Beth Morris
Georgia Bar No. 153013
Brian D. Stoltz
Georgia Bar No. 648725
**PARKER POE ADAMS & BERNSTEIN LLP**
1075 Peachtree Street, N.E., Suite 1500
Atlanta, GA 30309
(678) 690-5750
*Attorneys for Defendant*

12

PPAB 10544450v1